UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case No. 23-cr-00427-DLF |
| | ) | |
| **DAVID KUNTZ** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT DAVID KUNTZ'S MOTION TO CONTINUE TRIAL**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

NOW COMES Defendant David Kuntz, by and through his undersign

counsel William L. Shipley, hereby moves this Court for a continuance of the trial currently set for October 15, 2024.

On August 14, 2023, the matter of *United States v. Patterson*, 21-cr-00111 (DKW) was set for a jury trial in the District of Hawaii beginning October 28, 2024.

Mr. Kuntz was added as a defendant in this case in a Superseding Indictment, and was arraigned on May 7, 2024.  During the arraignment, this Court first attempted to "confirm" the existing trial date of July 22, 2024 – set before Mr. Kuntz was added.  When that was clarified by the undersigned counsel, the Court set the current trial date of October 15, 2024 – only 160 days after arraignment over the objection of undersigned counsel who noted his Hawaii trial set to begin only two weeks later.  The *Patterson* case is a mutli-defendant "advance fee" fraud case expected to last 2-3 weeks.

On May 23, 2024, this Court "double-set" undersigned counsel for trial in *United States v. Snoots*, 24-cr-000234 – a defendant first indicted on May 15, 2024, telling the undersigned counsel that "one or the other would go to trial" on that date, and obliquely criticizing the undersigned counsel for attempting to represent too many defendants.

On August 21, 2024, the Government filed a Superseding Indictment in this case, dropping an 18 U.S.C. Sec. 1512(k) conspiracy count, and substituting in its place a new new conspiracy count -- 18 U.S.C. Sec. 372 "Conspiring to Impede or Injure Officers."

The Government has provided some new discovery related to the Sec. 372 charge, but counsel has not confirmed that all discovery has been

provided.

The Supreme Court decision in *Fischer v. United States* has also caused a significant amount of movement on the undersigned's calendar – at the request of the Government and upon orders of various Judges in this District. This movement of hearings and trials has only further congested undersigned counsel's calendar in the 7 weeks remaining before the trial date in the Hawaiii case. Since this case was set for trial, undersigned has had the following items set or reset:

- *United States v. Slaughter, et al.*, 22-cr-00354 (RCL) – the trial advanced from Nov. 12 to Sept. 16, 2024, after counsel sought to move the Slaugther trial back three weeks but also advised the Court that a two week trial in September had resolved by way of plea.

- *United States v. Groseclose*, 21-cr-311 (CRC) – originally set for sentencing on _____, but moved by the Court to October 2, 2024, following Fischer.

- *United States v. Lee*, 21-cr-303 (ZMF) – a "four misdemeanor" case originally set before the Magistrate, but moved to the District Court when Government superseded to add a Sec. 1512(c)(2) count and set for trial on Sept. 4. After *Fischer* the Government dismissed the Sec. 1512(c)(2) count and the case was returned to the Magistrate's docket. Undersigned counsel requested a trial date after Thanksgiving, but the Magistrate chose to set this matter for 2 days – October 10-22, 2024 – the week immediately preceding this case and the *Snoots* case.

- *United States v. Winegeart,* 22-cr-00301 (CJN) – following a conviction on a single misdemeanor following a bench trial on July 16, 2024, the matter was set for sentencing on October 18, 2024. Undersigned counsel intends to seek a continuance of that sentencing date.

- *United States v. Oliveras*, 21-cr-738 (BAH) – originally set for sentencing on July, 11, 2024. On July 1, 2024, following the issuance of *Fischer*, the Government moved to continue the sentencing, and it was reset for August 9, 2024. On July 18, 2024, when the Government was requesting anywhere from 30 to 60 day

extensions in numerous cases to consider the implications of *Fischer*, the sentencing hearing was again continued – this time to October 18, 2024. On September 3, 2024, the Court sua sponte moved the sentencing to October 24, 2024, which will now require counsel to make a motion to either move the sentencing up into late September or move the sentencing back until late November.

When the *Snoots* case was set for trial on the day of his arraignment for the same day as this case, the Court also set a "back-up" date for *Snoots* of December 9, 2024. The Court stated that it would reset Snoots to the December date at a July 17, 2024, status conference is this case had not resolved by that date. During the July 17, 2024, hearing the Court reconsidered that position, and left both cases set for trial. Now, only 7 weeks from the trial date for both cases, the Court has counsel still in the position of having to prepare for two trials when only one trial is possible.

Because of the change in circumstance on this case with the newly added charge in the superseding indictment, undersigned counsel has opted to seek to move the trial date in this case, while the *Snoots* case remains as set. Undersigned counsel still has the "back-up" date for *Snoots*, December 9, 2024, available and requests the trial in this case be moved to that date.

Keeping the undersigned counsel in this state of uncertainty threatens the ability of counsel to provide an effective and competent defense to Judy Ramos, his client in the *Patterson* case in Hawaii – a case that was set for trial nearly 9 months before either Mr. Kuntz or Mr. Snoots even indicted in this District.

Dated: September 5, 2024                    Respectfully submitted,

William L. Shipley, Jr., Esq.  
PO BOX 745  
Kailua, Hawaii 96734  
Tel: (808) 228-1341  
Email: 808Shipleylaw@gmail.com