UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 23-cr-427 (DLF) |
| v. | : | |
| DAVID SCOTT KUNTZ, | : | |
| Defendant. | : | |

### THE GOVERNMENT'S RESPONSE OPPOSING
### DEFENDANT DAVID KUNTZ'S MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response opposing Defendant David Kuntz's motion to continue trial (ECF 76), which is currently scheduled for trial on October 15, 2024, submitted September 4, 2024.

*Procedural History*

On March 7, 2024, Defendant Kuntz was arrested in this matter – then under case number 1:24-MJ-53 (GMH) – based on a sealed complaint, which was promptly unsealed that same day. *See* ECF 37. Defense counsel Shipley submitted his notice of appearance on this matter that very day, as well. *See* ECF 39. A week later, on March 14, 2024, the Court ordered that Defendant Kuntz appear virtually for an initial appearance in the matter in front of the District Court of the District of Columbia. *See* Minute Order, March 14, 2024. This initial appearance occurred as scheduled. *See* Minute Order, March 26, 2024.

On April 17, 2024, the Grand Jury returned a superseding indictment as to both Defendant Kuntz and his erstwhile co-defendant Dan Wilson, charging Defendant Kuntz with 18 U.S.C. 1512(k) (Conspiracy to Obstruct an Official Proceeding), 18 U.S.C. § 1512(c)(2) (Obstruction of

1

an Official Proceeding), 18 U.S.C. § 1752(a)(1) (Entering or Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), and 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building). *See* ECF 47. At a hearing on May 7, 2024, Defendant Kuntz was arraigned on the counts from the first superseding indictment. *See* Minute Entry, May 7, 2024. At that same hearing, the cases as to both defendants were set for trial on October 15, 2024. *See id.* Mr. Shipley represented Defendant Kuntz at that hearing and weighed in on the trial date at that time. *See id.*

On May 16, 2024, the government filed a second superseding information as to Defendant Wilson, including one count of 18 U.S.C. § 372 pertaining to his criminal activities at the Capitol on January 6, 2021. *See* ECF 54. The next day, Defendant Wilson pled guilty to certain counts from that second superseding information, including the aforementioned count of 18 U.S.C. § 372. *See* ECF 56, ECF 59.

At the June 12, 2024 status conference, the government indicated that it would possibly seek a superseding indictment charging Defendant Kuntz with a count of 18 U.S.C. § 372, depending on the Supreme Court's pending decision in *Fischer v. United States*. Then on June 28, 2024, the Supreme Court issued its ruling limiting the application of 18 U.S.C. § 1512(c)(2) in *Fischer v. United States,* 603 U.S. ___, 2024 WL 3208034 (June 28, 2024).

In our status report filed on August 5, 2024, the government explicitly stated, "As mentioned at the June 12, 2024 status conference, the government is considering whether to bring additional charges, including a 18 U.S.C. § 372 charge, and whether to proceed on the 18 U.S.C. §§ 1512(c)(2) and (k) charges." ECF 63. Defendant Kuntz joined in that status report. *See* ECF 64. Then on August 21, 2024, the Grand Jury returned a second superseding indictment charging Defendant Kuntz with 18 U.S.C. § 372 (Conspiracy to Impede or Injure Officers), 18 U.S.C. §

1752(a)(1) (Entering or Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), and 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building). *See* ECF 72.

Defendant Kuntz was arraigned on the charges from the second superseding indictment at the August 26, 2024 status conference. *See* Minute Entry, August 26, 2024. At that same status conference, the Court denied Defendant Kuntz's request to continue the trial, made largely on the same basis as his written motion here. *See id,* ECF 76.

*Government Representations to Defense Regarding Conspiracy Count Against Defendant Kuntz*

On May 5, 2024, the government sent counsel for Defendant Kuntz a plea offer to one count of 18 U.S.C. § 372. On May 17, 2024, the government notified counsel for Defendant Kuntz of Defendant Wilson's entry into a plea of guilty as to 18 U.S.C. § 372 regarding his January 6 conduct, reminding Kuntz's attorney that this was the same charge for which a plea offer had been extended to Defendant Kuntz, and offered to discuss this plea offer with Kuntz's attorney. The government repeatedly contacted Defendant Kuntz's attorney about this offer in advance of the June 12, 2024 status conference. Even after that hearing, in late July and early August the government repeatedly offered to conduct a reverse proffer for Defendant Kuntz and his attorney on the count of 18 U.S.C. § 372.

*Argument*

The government consistently indicated its intention to potentially proceed on a count of 18 U.S.C. § 372 in lieu of 18 U.S.C. § 1512 – both orally and in writing, to the Court and defense – well before the Supreme Court's *Fischer* decision. The government repeatedly broached Kuntz's attorney about a possible plea to 18 U.S.C. § 372 starting as early as the May 5, 2024. The government advised Kuntz's attorney about Defendant Wilson's plea to 18 U.S.C. § 372 the same

3

day it took place, May 17, 2024. The government referenced possibly proceeding on 18 U.S.C. § 372 in court hearings and filings starting at least as far back as the June 12, 2024 status conference in this case. Thus, Defendant Kuntz has had ample time to prepare for the scheduled October 15, 2024 trial, including the count of 18 U.S.C. § 372.

The government intends to be ready to proceed with trial in this case on October 15, 2024 as scheduled. Furthermore, as an administrative matter, AUSA Deranek – the remaining AUSA who has been on this case the longest for the government – is not available for trial on December 9, 2024, the alternate date suggested by defense. AUSA Deranek is scheduled to be trying another January 6 case, *United States v. Billy Jo Gober* 1:24-CR-20 (RBW), in front of Judge Walton that week.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant Kuntz's request to continue his trial, and leave the set trial date of October 15, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   */s/ Mindy L. Deranek*
MINDY L. DERANEK
Washington State Bar No. 43085
United States Attorney's Office
    for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7776
Mindy.deranek@usdoj.gov

By:   */s/ Taylor L. Fontan*
TAYLOR L. FONTAN
IN Bar No. 35690-53
United States Attorney's Office
    for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 815-8597
Taylor.fontan@usdoj.gov